## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11** |
| **Alan Kim Patrono,** : | |
| **Jane H. Patrono,** : | **Case No. 1:25-bk-02214-HWV** |
| : | |
| **Debtors.** : | |

## <u>ORDER</u>

Based upon the Motion of H&M Holdings Group, LLC, Hauser Family Farms, LLC, Hannah Hauser, and Melinda Davis to Dismiss the Chapter 11 Case, and any response thereto, it is **FOUND, DETERMINED, ORDERED, AND ADJUDGED**:

The Chapter 11 case filed by the Debtors Alan Kim Patrono and Jane H. Patrono is hereby **DISMISSED** for cause.

This Order shall be fully effective upon its entry this _____ day of _____, 2025.

_____
Hon. Henry W. Van Eck

4919-2902-6660 v4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | : |
| | : **Chapter 11** |
| **Alan Kim Patrono,** | : |
| **Jane H. Patrono,** | : **Case No. 1:25-bk-02214-HWV** |
| | : |
| **Debtors.** | : |

## MOTION OF H&M HOLDINGS GROUP, LLC, HAUSER FAMILY FARMS, LLC, HANNAH HAUSER, AND MELINDA DAVIS TO DISMISS CHAPTER 11 CASE

Creditors H&M Holdings Group, LLC ("H&M"), Hauser Family Farms, LLC, Hannah Hauser, and Melinda Davis (collectively referred to herein as the "Hauser Parties"), by and through their undersigned counsel, *Obermayer Rebmann Maxwell & Hippel,* move this Court for the entry of an order dismissing the Chapter 11 Bankruptcy case filed by Debtors Alan Kim Patrono and Jane Patrono. In support thereof, the Hauser Parties respectfully represent as follows:

### INTRODUCTION

1.      The issues presented by this Motion must be resolved by the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Code"), since the Debtors Chapter 11 bankruptcy filing is being used as a bad faith vehicle to delay pending state court civil litigation and to protect Debtors from the imminently foreseeable attachment of monetary judgments against them.

1

2.     Specifically, Debtors' bad faith bankruptcy petition was intentionally filed immediately after the Trial Court in Adams County, Pennsylvania scheduled damages hearings in several pending actions brought against them by the Hauser Parties, liability having already been found in the Hauser Parties' favor more than a year ago.

3.     Debtors' bad faith intent is apparent from the Petition, Schedules, and Statement of Financial Affairs that have been filed containing significant omissions and misrepresentations of Debtors' assets and liabilities.

4.     Debtors have entirely ignored and failed to disclose a Court Order in the pending civil litigation against them, which specifically prohibits the transfer or encumbrance of their properties.

5.     It is evident that Debtors are attempting to use the bankruptcy process to halt the pending litigation in state court, which is an impermissible and blatant misuse of the bankruptcy process warranting dismissal.

## JURISDICTION

6.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief sought herein are Section 1112 of the Code and Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4919-2902-6660 v4

## STATEMENT OF THE CASE
## <u>Pending Actions Giving Rise to Creditors' Claims</u>

7.     The Hauser Parties initiated civil legal action against Alan Kim Patrono ("Kim Patrono") and Jane Patrono (collectively "Debtors") in the following state court cases (the "Pending Actions"):

> A.     <u>H&M Holdings Group, LLC, Hauser Family Farms, LLC, Melinda H. Davis, and Hannah M. Hauser v. Alan Kim Patrono, Jane Hauser Patrono et al.</u> (Adams County Docket No. 2018-SU-1293)
>
> B.     <u>H&M Holdings Group, LLC v. Alan Kim Patrono</u> (Cumberland County Docket No. 2019-12301, coordinated with Adams County No. 2018-SU-1293)
>
> C.     <u>H&M Holdings Group, LLC v. Jane H. Patrono</u> (Cumberland County Docket No. 2019-12302, coordinated with Adams County No. 2018-SU-1293)

8.     The foregoing Pending Actions are coordinated and assigned to the Honorable Michael A. George of the Adams County Court of Common Pleas.

9.     The Pending Actions represent a complex and protracted litigation among family members that initially found its genesis in the significant Estate of

4919-2902-6660 v4

Helen Hauser left to three sisters, Melinda Davis, Hannah Hauser, and Debtor, Jane Hauser in 2012.[1]

10.     Hauser Estate Inc. ("Hauser Estate") was a family wine and cider business that was initially funded by this inheritance upon the advice and counsel of Pennsylvania attorneys, Debtor Kim Patrono and his son Jonathan Patrono.

11.     Due to *inter alia* self-dealing and breaches of fiduciary duties by Debtor Kim Patrono and Jonathan Patrono in the operation and control of Hauser Estate, the business suffered financially.

12.     Due to these cash flow problems, Hauser Estate obtained a $300,000.00 revolving credit facility from Members 1st Federal Credit Union ("Members 1st"). Ultimately, the revolving credit facility was expanded by a promissory note for $500,000.00 (as subsequently amended and/or restated) ("Promissory Note 1").

13.     Debtors Kim and Jane Patrono, along with Jonathan Patrono, Melinda Davis, and Hannah Hauser, executed unconditional guarantees for Promissory Note 1, which were secured by each party, individually, by way of a Commercial Guaranty. See Exhibit "B" attached hereto.

---

[1] A detailed procedural and factual background have been set forth by the Honorable Michael A. George of the Court of Common Pleas of Adams County in a 1925(a) opinion in response to one of several interlocutory appeals filed by the Patronos in this litigation docketed at 517 MDA 2024. To provide a more thorough background into the Pending Actions, and in the interest of brevity, this 1925(a) Opinion is attached hereto as Exhibit "A".

4

14. Pursuant to the terms of each of the Commercial Guaranty Agreements, each guarantor, represented and warranted, *inter alia*, that they "ha[d] not and will not, without the prior consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein." *See* Exhibit "B".

15. Thereafter, pursuant to an October 26, 2011 Promissory Note (as subsequently amended and/or restated) ("Promissory Note 2"), Members 1st loaned $1,475,000.00 to HFF and Hauser Estate, jointly and severally, which were secured by each party, individually. Debtors Kim and Jane Patrono, along with Jonathan Patrono, Melinda Davis, and Hannah Hauser, executed unconditional guarantees, which were secured by each party individually by way of a Commercial Guaranty for Promissory Note 2. See Exhibit "C" attached hereto.

16. Pursuant to the terms of the Commercial Guaranty, each of the guarantors, once again agreed, that they "ha[d] not and will not, without the prior consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein." See Exhibit "C".

17. As of December 21, 2016, Promissory Note 1 and Promissory Note 2 were in default.

5

18.     H&M Holdings was formed on July 10, 2018, by Melinda Davis and Hannah Hauser. Thereafter H&M purchased Promissory Note 1 and Promissory Note 2 along with the unconditional guarantees associated with Promissory Note 1 and Promissory Note 2.

19.     By Agreement dated July 18, 2018, Members 1st, in exchange for good and valuable consideration and not at a discount, sold and assigned Promissory Note 1 and Promissory Note 2 to H&M Holdings along with, *inter alia*, the unconditional guarantees.

20.     On July 18, 2018, in violation of the express terms of the Commercial Guarantees, and aware that the notes had been purchased, Debtors Kim and Jane Patrono as well as their son Jonathan Patrono, transferred their respective interests in five separate properties to Polly Patrono for consideration of $1 in each transfer.[2] These properties were:

      D.     32 West Middle Street, Gettysburg, PA ("32 West Middle Street")

      E.     98 East Broadway, Gettysburg, PA (98 East Broadway")

      F.     28 West Middle Street, Gettysburg, PA ("28 West Middle Street")

---

[2] In the Pending Actions, each of the Patrono Defendants admitted that the purpose of the transfers was to "slow down" collection on the personal guarantees.

4919-2902-6660 v4

G.  43.9 acre tract of vacant land on Biglerville Road, Adams County, PA ("Biglerville Road")

H.  Three tracts of land on Heckenluber Road, Adams County, PA ("Heckenluber Road")

21.  For the Biglerville Road Property, on July 22, 2018, Debtor Jane Patrono executed a mortgage to the law firm of Smigel, Anderson & Sacks, LLP ("Smigel") for an undetermined amount and as purported security for legal services which Smigel performed or were performing, on behalf of Hauser Estate.  The mortgage was executed and recorded subsequent to Jane Patrono's execution of the deed transferring her ownership in the mortgaged property to her daughter Polly Patrono, but prior to the recording of the deed which transferred her interest to Polly Patrono.

22.  On July 27, 2018 and August 23, 2018, H&M Holdings instituted separate confessed judgment proceedings in the Court of Common Pleas of Adams County, Pennsylvania against Debtors Kim and Jane Patrono as well as Jonathan Patrono ("Confessed Judgment Action").[3]

---

[3] The confessed judgments filed in Adams County against Defendants Jane Patrono, Kim Patrono, and Jonathan Patrono, were stricken on procedural grounds and without prejudice to such confessed judgments being re-filed. Confessed judgments were subsequently re-filed against Defendants Jane Patrono, Kim Patrono, and Jonathan Patrono in the Court of Common Pleas of Cumberland County on November 27, 2019 and docketed to numbers 2019-12302 Civil, 2019-12301 Civil, and 2019-12300 Civil, respectively.

7

23.     On July 31, 2018, without the knowledge or consent of Melinda Davis or Hannah Hauser, Debtor Kim Patrono and Jonathan Patrono prepared and filed a Voluntary Chapter 11 Bankruptcy Petition on behalf of Hauser Estate in the United States Bankruptcy Court for the Middle District (No. 1:18-bk-03201-HWV). Under the provisions of the Bankruptcy Code, H&M was identified by Debtor Kim Patrono and his son Jonathan Patrono a secured creditor with a claim in excess of $2.3 million. On Motion of H&M, the bankruptcy was converted to a Chapter 7 Petition. Ultimately, the Chapter 7 trustee, (supported by the U.S. Dept. of Justice), declined to pursue the breach of fiduciary duty and related claims asserted by the Hauser Parties against the Patronos that were ultimately pursued in the Pending Action docketed at 2018-SU-1293.

24.     While the Confessed Judgment Action was pending, on December 11, 2018, the Hauser Parties filed a *Lis Pendens* against the five properties that were transferred to Polly Patrono, accompanied by a Writ of Summons in the Adams County Court of Common Pleas. It was the commencement of this action that resulted in the controlling Docket No. 2018-SU-1293.

25.     On October 30, 2019, H&M initiated litigation in Dauphin County against each of the Patrono defendants for claims including legal malpractice, breach of fiduciary duties and fraud. The Dauphin County litigation was docketed at 2019-CV-7967. On stipulation of the parties, the Dauphin County action was ultimately

4919-2902-6660 v4

transferred to Adams County and subsumed into the controlling 2018-SU-1293 docket.

26.     On August 16, 2021, the parties agreed to stay the Confessed Judgment Action while the litigation docketed under 2018-SU-1293 would proceed. The Parties agreed that the Hauser Parties would file a Third Amended Complaint incorporating all causes of action in the *Lis Pendens* action and the Dauphin County litigation. Accordingly, on September 7, 2021, the Hauser Parties filed a Third Amended Complaint against, *inter alia*, Debtors Kim Patrono and Jane Patrono as well as Jonathan and Polly E. Patrono, alleging Breach of Fiduciary Duty of Good Faith (Count I), Civil Conspiracy (Count II), Professional Negligence (Count III), Fraudulent Transfer (Counts IV-VI), Civil Conspiracy – Fraudulent Transfer (Count VII), and Civil Conversion (Count VIII-X).[4]

27.     The Hauser Parties' PUVTA claims were bifurcated from the remaining counts of the Third Amended Complaint, and on April 21 and 27, 2023, the Court held a non-jury trial on the Pennsylvania Uniform Fraudulent Transfer Act ("PUVTA") Claims.

28.     On June 16, 2023, the Court entered an Order, a copy of which is attached hereto as Exhibit "D", in favor of Plaintiffs and against Defendants on the

---

[4] Counts IV to VII of Appellees' Third Amended Complaint are sometimes collectively referred to herein as "the Hauser Parties' PUVTA claims."

9

PUVTA Claims (Counts IV-VII). Specifically, the Court issued findings of fact and conclusions of law holding *inter alia*:

A.      By agreement dated July 18, 2018, Members 1st sold and assigned Promissory Note 1 and Promissory Note 2, along with the unconditional guarantees, to H&M for the full value of the notes. (Findings of Fact "FOF" ¶ 14)

B.      Alan Patrono, Jane Hauser Patrono, and Jonathan Patrono transferred the subject real estate with the actual intent to hinder and delay the holder of Promissory Note 1 and Promissory Note 2 efforts to collect on the notes and personal guarantees. (Conclusions of Law "COL" ¶ 7)

C.      The July 18, 2018 transfers of real estate, and all subsequent transfers of the subject properties, were fraudulent as to H&M. (COL ¶ 8)

D.      The July 18, 2018 transfers of real estate, and all subsequent transfers of the subject properties, were committed by Alan Patrono, Jane Hauser Patrono, Jonathan Patrono, and Polly Patrono with the common purpose to the do the unlawful act of defrauding creditors. (COL ¶ 9)

4919-2902-6660 v4

E.     Injunctive relief is necessary to prevent immediate and irreparable harm to the Plaintiffs which cannot be adequately compensated by money damages **as Alan Patrono, Jane Hauser Patrono, and Jonathan Patrono have evidenced a course of conduct aimed at attempting to render their assets judgment proof**. (COL ¶ 10) (emphasis added)

F.     The rights of Plaintiffs to secure the ability to collect against the assets of Alan Patrono, Jane Hauser Patrono, and Jonathan Patrono in the event of subsequent judgment is clear. (COL ¶ 13).

*See* Exhibit "D".

29.     The Trial Court's June 16, 2023 Order voided the July 18, 2018 and all subsequent transfers. *See* Exhibit "D" at 12-14. With regard to the Smigel mortgage, Debtor Jane Hauser was ordered to provide Smigel a copy of the Trial Court's Order and file proof of service with the Adams County Prothonotary. *Id.* at 16, ¶ 5.

30.     Notably, the Court expressly prohibited any transfer or encumbrance of the five properties without Court approval stating: "**Any sale, transfer, or encumbrance of the properties set forth in this paragraph without Court approval shall be deemed void ab intio**." *See* Exhibit "D" at 15 (emphasis added).

31.     Per the June 16, 2023 Order, the remaining counts of the Third Amended Complaint, as well as the propriety and amount of punitive damages and

4919-2902-6660 v4

legal fees assessable against the Appellants for their adjudicated liability on Counts IV-VII were reserved for a jury trial originally set for October 30, 2023.

32. Thereafter Debtors Kim and Jane Patrono along with the other defendants in the Pending Actions engaged in series of blatant delay tactics designed to stall the jury trial and assessment of monetary damages against them.

33. For instance, on July 13, 2023, Appellants filed two improvident interlocutory appeals to the Superior Court of the Court's June 15 and 16 Orders.[5]

34. Debtors Kim and Jane Patrono along with the other defendants in the Pending Actions likewise engaged in serial violations of the discovery orders of Judge George, which ultimately led to the stay of the October 30, 2023 trial date by the Trial Court in order to prevent certain and continued prejudice to the Hauser Parties.

35. On February 8, 2024, after a two-day bench trial on the Hauser Parties' Motion for Default Judgment Pursuant to Pa.R.Civ.P. 4019, the Trial Judge entered default judgment in the Hauser Parties' favor pursuant to Pa.R.Civ.P. 4019(c)(3) and scheduled a hearing on the assessment of attorney's fees and imposition of punitive damages for May 22, 2024. A true and correct copy of the February 8, 2024 Order is attached hereto as Exhibit "E".

---

[5] Appellants also improvidently filed an appeal of the Trial Court's June 15, 2023 Order entering discovery sanctions against them, which was docketed at 986 MDA 2023. The Superior Court quashed the appeal on November 17, 2023.

4919-2902-6660 v4

36. On February 8, 2024, the Court also lifted the August 6, 2021 stay in the Confession of Judgment Action and scheduled a non-jury trial for May 20, 2024.

37. The February 8, 2024, Order also granted the parties an additional period of time to conduct discovery. Accordingly, H&M issued requests for Admissions directed to each of the Patronos on February 27, 2024.

38. Despite the sanction in the form of default judgment that had just been entered against them on February 8, 2024, Debtors Kim and Jane Patrono along with the other defendants in the Pending Actions, continued to engage in delay tactics designed to stall the imposition of a monetary judgment and sanctions against them.

39. Indeed, rather than respond to Requests for Admissions issued to them in the Confession of Judgment Action, on March 7, 2024, Counsel for the Patronos, Aaron Martin, Esquire, sent Hauser Parties' Counsel a demand letter suggesting for the *first time in the over 5 years* that this matter has been in litigation that the three "Cumberland County Cases" be submitted to arbitration. The Patronos then Petitioned the Court to Compel Arbitration and for a General Stay.

40. After a flurry of motions and briefing necessitated by the Patrono defendants' demand of a stay due to the arbitration issue, the Court denied the Patrono's Petition to Compel Arbitration as Waived on April 4, 2024.

41. Immediately thereafter on April 4, 2024, the Patrono defendants filed yet another improvident interlocutory appeal—this time of the Court's denial of their

4919-2902-6660 v4

procedurally inappropriate Petition to Open/Strike the February 8, 2024 default judgment that had also been filed amidst defendants' improper demands for arbitration. This appeal was docketed by the Superior Court at 517 MDA 2024.

42.     On April 9, 2024, Jane Patrono, Alan Kim Patrono, Jonathan Patrono each filed an appeal challenging the Trial Court's denial of the Petition to Compel Arbitration which were docketed by the Superior Court at 518 MDA 2024, 519 MDA 2024, and 520 MDA 2024, respectively.

43.     In response to the numerous interlocutory appeals filed, the Trial Court stayed all of the proceedings below and cancelled the May 20, and 22, 2024 hearings.

44.     After <u>nearly a year</u> of delay achieved by the defendants by their improvident appeals, on May 15, 2025, the Superior Court issued Memoranda in each all five of the appeals <u>in favor of the Hauser Parties</u>.

45.     At the request of the Hauser Parties, the Trial Court thereafter scheduled a conference on July 2, 2025, to discuss resumption of the Pending Actions and the scheduling of hearing dates in light of the Superior Court's decisions.

46.     After the conference, the trial court issued an Order on July 9, 2025, scheduling a two-day non-jury trial on the Confession of Judgment Actions to commence on October 23, 2025. The Order further provided a brief period for

4919-2902-6660 v4

discovery to be completed by August 18, 2025. A copy of this Order is attached hereto as Exhibit "F".

47. The July 9, 2025, Order also scheduled the following:

A. Two-day non-jury trial on damages related to Counts I, II, III, VIII, VIX, and X of Plaintiff's Complaint to commence on October 27, 2025

B. Hearing on damages and sanctions related to Counts IV, V, VI, and VII of Plaintiff's Complaint to commence on October 30, 2025

C. Hearing on the imposition of sanctions including attorneys' fees related to any prior discovery violation commencing on October 31, 2025

D. Hearing on sanctions including attorneys' fees relating to Defendants' filed Motion to Strike and/or Open Judgment commencing on October 31, 2025

*See* Exhibit "F"

48. As discovery had reopened, on July 31, 2025, the Hauser Parties were left no option but to seek court intervention via a Motion to Determine the Sufficiency of Defendants' Responses regarding Debtor Kim and Jane Patrono as well as Jonathan Patrono's continued refusal to provide responsive answers to the Request for Admissions that were issued in 2024 prior to the stay.

4919-2902-6660 v4

49. Likewise on July 31, 2025, the Hauser Parties became aware that Debtors Kim and Jane Patrono owe back taxes on two of the properties that Debtors: (1) specifically agreed pursuant to the terms of the Commercial Guarantees that they would not encumber or otherwise dispose of, *see* Exhibits "B and C"; and (2) that the trial court listed as a property that required court approval to sell, transfer, or encumber in its June 16, 2023 Order, s*ee* Exhibit "D" at 15. Accordingly, on July 31, 2025 the Hauser Parties filed an Emergency Motion to Compel Debtors to Pay Delinquent Taxes and for Other Special Relief.

50. On August 4, 2025, the Trial Court ordered defendants to file answers to Plaintiffs' Motion to Determine Sufficiency within 14 Days and ordered Debtors to answer Plaintiff's Motion to Compel to Pay Delinquent Taxes within 7 days, i.e., August 11, 2025. Oral argument and hearings were scheduled on the Hauser Parties' three Motions for August 27, 2025.

51. August 11, 2025, the same day their response was ordered to be filed by the Court to Plaintiff's Motion to Compel to Pay Delinquent Taxes, Debtors served Hauser Parties' Counsel with their Chapter 11 Petition.

## The Chapter 11 Filing

52. Debtors filed their Chapter 11 Petition on Friday, August 8, 2025 ("Petition"). (ECF 1).

4919-2902-6660 v4

53.     On Monday, August 11, 2025, Debtors' Counsel's paralegal served a Notice of Bankruptcy Case Filing on Hauser Parties' Counsel via email.

54.     Indicative of Debtors' intent to delay the proceedings against the Hauser Parties from the start of the filing of their Petition, Debtors stated in their Petition that the addresses for each of the Hauser Party creditors were "unknown" despite the fact that they have been in ongoing litigation with them for approximately six years and further despite the fact that Hannah Hauser and Melinda Davis are Debtor Jane Patrono's sister and Debtor Kim Patrono's sisters in law. (ECF 1). Only after Counsel for the Hauser Parties filed an Entry of Appearance and Request for Notice on August 13, 2025, Debtors' Counsel's paralegal served copies of the Notice of Chapter 11 Bankruptcy and a Notice regarding the Meeting of Creditors, stating that the original attempt at service to the Hauser Parties was "returned undeliverable." When asked what addresses the notices were sent to, Debtors' Counsel's paralegal stated, "There were no addresses listed, yet, just names. The petition was filed as an emergency and has not yet been completed. If you have addresses you wish for me to use, please let me know." A copy of the email correspondence is attached hereto as Exhibit "G".

55.     The timing of Debtors' filing for Chapter 11 Bankruptcy reveals their intent to stall not only the Trial Court's ability to address the Hauser Parties' several motions filed in the Confession of Judgment Actions against them, but also to

4919-2902-6660 v4

completely obstruct the recently scheduled non-jury trials relating to damages in all of the Pending Actions.

56.     Indeed, Debtors have not only demanded that the automatic stay apply to them, but they have gone so far as to request that this Court extend the automatic stay to their son Jonathan Patrono (despite the fact that he has not filed for bankruptcy himself) in a blatant attempt to prevent the Pending Actions from reaching monetary judgments for <u>any</u> of the defendants.[6]

57.     Not only is the timing of Debtors' filing demonstrative of their intent to delay the scheduled oral argument(s) and non-jury trials in the Pending Actions, but the details of Debtors' Schedules themselves reveal that the Chapter 11 Petition is made in bad faith and solely in furtherance of their demonstrated goal to delay the attachment of monetary judgments against them in the Pending Actions.

58.     After the receipt of a Notice of Incomplete and/or Deficient Filing on August 11, 2025, Debtors filed Debtors filed a Statement of Financial Affairs and Schedules on August 22, 2025 ("Schedules"). (ECF 22).

---

[6] Debtors' Motion to Extend Automatic Stay (ECF 26) has been scheduled for a hearing on September 16, 2025. The Hauser Parties intend on filing the appropriate objections to the Motion.

4919-2902-6660 v4

59.   The Schedules contain numerous misrepresentations and falsities including *inter alia* the following:

A.   In **Schedule A/B, at page 5, under Section #1.4**, Debtors indicated that Jane Patrono has a 1/3 interest in 410 Cashtown Road, Gettysburg, PA 17325, which they stated the current value is $2,250,000". Despite acknowledging Jane Patrono only has purported a 1/3 interest in this property, they claim the current value of the portion she owns is the full value of the property, i.e., $2,250,000. Debtors repeat this incorrect claim in **Schedule D at pages 28-29, at Sections #2.5 and 2.6** where they (incorrectly) claim that Members First Federal Credit Union has a claim against for $1,475,000 that is secured by $2,250,000 in collateral representing Jane's purported 1/3 interest in the 410 Cashtown Road Property.

B.   Further in **Schedule A/B, on page 10, under Section #30**, "other amount someone owes you", Debtors state, "Counterclaim for rent funds from Hauser Hill to Hauser Family Farms." As Debtors are fully aware, this Counterclaim, along with all other counterclaims asserted by them against the Hauser Parties were dismissed by way of Preliminary Objections or by the Trial Court's entry of Default Judgment against them on February 8, 2025. *See* Exhibit "E". The Trial

19

4919-2902-6660 v4

Court's denial of the Patrono defendants' Petition to Open/Strike the entry of default judgment against them was <u>affirmed</u> by the Pennsylvania Superior Court on May 15, 2025.

C.      Further in **Schedule A/B**, **on page 11, under prompt #34**, "other contingent unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims", Debtors state, "Paige McDonald[sic] Mathis[sic], Esquire representing Melinda Davis and Hannah Hauser. Claim for abuse of process and tortious interference with contracts. Claim for Abuse of process in filing a Motion to strike letter as violation of Court order. Claim for abuse of process in filing a false affidavit claiming that they did not consent to the removal of John Murphy and that they fired Post & Shell as a result. Claim for using a false pleading alleging that Melinda's signature was forged. . . . Claim against David Tayman for abuse of process regarding the false affidavit claiming no consent." In addition to the fact that Debtors do not have standing to assert these bald allegations on behalf of a non-debtor such that they bear absolutely no relevance to Petition filed by the Debtors, Debtor Kim Patrono, a licensed Pennsylvania Attorney, is fully aware that in order to bring an abuse of process claim in Pennsylvania Debtors would need to prove that the underlying

4919-2902-6660 v4

proceedings terminated in their favor. As discussed herein, each and every proceeding thus far has terminated in the Hauser Parties' favor. Accordingly, Debtors' inclusion of these attacks against the Hauser Parties' counsel only serves to further demonstrate their bad faith in filing this Petition.

D.      In **Schedule D, on page 30 at Sections #2.8**, Debtors identify a secure claim held by Smigel of "unknown value" purportedly secured by mortgage on "Parcel No. 07F09-0037-000 consisting of 43.98 acres" that is valued at $375,400. This Property is the same 43.9 acre tract of land on Biglerville Road subject to the June 16, 2023 Order. *See* Exhibit "D". In fact, per the Trial Court's Order, Debtors were ordered and directed to provide Smigel a copy of the Trial Court's Order and file proof of service with the Adams County Prothonotary. *Id. at* 16, ¶ 5; *see also* a copy of the Proof of Service attached hereto as Exhibit "H".

E.      In **Schedule E, on pages 34-35, at Sections #4.6, 4.7, 4.8, 4.10**, Debtors identify H&M as an unsecured creditor, but conveniently cite to the docket numbers from the Dauphin County Court of Common Pleas ("2018-SU-813 & 814"). Debtors are fully aware that the Parties stipulated to transfer and consolidate the Dauphin County litigation into controlling and <u>active</u> docket in Adams County under No. 2018-SU-

21

1293 on December 23, 2020. Debtors further attempt to misrepresent the status of the litigation in their **Statement of Financial Affairs, at page 48, Part 4,** where they cite to these different Dauphin County docket numbers (this time 2019-cv-7967) and have marked the status "concluded".

F.      Also in **Schedule E, on page 34 as Section #4.6**, Debtors identify the "total claim" of H&M to be $1,571,651.16. Debtors are well aware that the total claim of H&M against them in the Confession of Judgment Action is greater than this amount, as demonstrated by the Complaints for Confession of Judgment filed against each of them for the amount of $2,209,414.44 in 2019, not including calculations that have yet to be submitted by the Hauser Parties' experts for interest and attorneys' fees. *See* Exhibit "I" attached hereto. **This calculation, among several other damages calculations, was the subject of a non-jury trial scheduled for October 23-24, 2025, that Debtors have now delayed due to the imposition of the automatic stay resulting from their filing of this Chapter 11 Petition.**

G.      In **Schedule H, on page 39, at Section #3.1**, Debtors list Hauser Family Farms, LLC as a co-debtor and list "Members 1st Federal Credit Union" as the "creditor to whom you owe the debt." As discussed

4919-2902-6660 v4

herein it is entirely undisputed that Members 1st Federal Credit Union sold and assigned the referenced Promissory Notes and corresponding Commercial Guarantees to H&M. *See* Exhibit "D".

H.     On **Schedule I**, regarding income Debtor Kim Patrono lists in Part 1 that he is self-employed as an Attorney for three years. In Part 2 at page 41, both Debtors report their net monthly income is from social security totaling $4,835.16 monthly. At #13, Debtors state that "[r]ental income will decrease after September 2025 when a tenant is scheduled to move out", however, no rental income is reported in Schedule I. Nevertheless, a review of the reported monthly income in Schedule I in comparison to the reported debts (albeit incorrect) alone reveal that there is no meaningful way for a reorganization to occur.

I.     In Debtors' **Statement of Financial Affairs, at page 47, Part 4**, when prompted to identify all Legal Actions, Debtors identified the Adams County litigation docketed at 2018-SU-1293 as between "H&M Holdings Group v. **Alan & Kim**". The full caption of this action reveals numerous other parties to this action that have not been disclosed to this Court by Debtors, including Debtor Jane Patrono. The correct caption of this litigation is: <u>H&M Holdings Group, LLC, Hauser Family Farms, LLC, Melinda H. Davis, and Hannah M. Hauser v. Alan Kim Patrono,</u>

4919-2902-6660 v4

Jonathan Patrono, Jane Hauser Patrono, Polly E. Patrono, John J. Murphy, III, Patrono & Murphy, LLC, Apple Leaf Abstracting & Settlement Company and John & Jane Does.

J. In Debtors' **Statement of Financial Affairs, at page 49, Part 7**, Debtors list Mette Evans & Woodside, their legal counsel in the Pending Actions as a debtor but claim the amount of payments to them as "unknown" although this information is certainly known and/or readily accessible to them.

## **LEGAL ARGUMENT**

60. Debtors' case should be dismissed because Debtors filed the Petition in bad faith for purposes of delay, and further because they cannot—even in theory—propose a confirmable plan. Each of these reasons constitutes dismissal for cause.

***Legal Standard***

61. Pursuant to the terms set forth at 11 U.S.C. § 1112(b)(1), a party in interest to a bankruptcy proceeding may move to dismiss a Chapter 11 petition for "cause" when dismissal is in the best interest of the creditors. *Id.*; *In re SGL Carbon Corporation*, 200 F.3d 154, 160 (3d Cir. 1999).

62. In the context of a Chapter 11 filing, courts have held that cause could be found if the filing was not made in good faith. *In re SGL Carbon Corporation*, 200 F.3d 154 at 160.

4919-2902-6660 v4

63.     While the statute sets forth specific examples of "cause," it does not define "cause," nor does it suggest that the provided list is exhaustive. *Id.* at 160; *In re Shar*, 253 B.R. 621, 628 (D.N.J.1999).

64.     The Bankruptcy Code sets forth ten (10) factors that justify dismissal, but the list is not exhaustive, and "courts should consider other factors that may arise." *In re Brown*, 951 F.2d 564, 572 (3d Cir. 1991).

65.     Further, the statute's legislative history reinforces that the list of factors to be considered is not exhaustive and that the reviewing courts must use their equitable powers to reach an appropriate result in individual cases. *Id.* (*citing* HR Rep. No. 595 at 406).

66.     Although the statute itself fails to mention a lack of good faith as a ground for dismissal, the Third Circuit has stated that a bankruptcy court may dismiss a bankruptcy petition if the debtor fails to demonstrate good faith in making the Chapter 11 bankruptcy filing. *SGL Carbon*, 200 F.2d at 161 and Chapter 11 (*SGL Carbon*, 200 F.2d at 161 (stating "We believe that the good faith requirement is supported by the purposes underlying Chapter 11"); *see also, Argus Group 1700, Inc. v. Steinman*, 206 B.R. 757, 764-65 (E.D. Pa. 1997) (holding "Bad faith is a factor that justifies dismissal under 1112(b)").

4919-2902-6660 v4

67.    In determining whether a good faith reason exists for filing the bankruptcy petition, courts consider the debtor's conduct in the context of all its creditors. *In re Myers*, 491 F.39 120, 125-6 (3d Cir. 2007).

68.    Specifically, the Third Circuit has held that a Chapter 11 filing should be dismissed for lack of good faith unless the filing serves a valid organizational purpose. *In re SGL Carbon Corporation*, 200 F.3d 154 at 165.

69.    Filing a bankruptcy for the purpose of resolving a two-party dispute under state law is a sufficient basis of a finding of bad faith requiring dismissal. *See, In re Liptak*. 304 B.R. 820, 832 (Bankr. N.D. Ill. 2004); *In re Paolini*, 312 B.R. 295 307 (Bankr. E.D. 2004); *see also, In re Dilling*, 322 B.R. 353, 360 (Bankr. N.D. Ill 2005)(citing *In re Texaco*, Inc. 254 B.R. 536, 541 (Bankr. S.D.N.Y. 2000) (dismissing a Chapter 11 bankruptcy where a debtor filed the bankruptcy solely to compromise a $10.5 billion judgment).

70.    Courts generally do not condone the use of Chapter 11 to resolve two-party disputes when such litigation is still pending in a non-bankruptcy forum before the commencement of the matter in a bankruptcy court. *See*, *In re Serfass*, 325 B.R. 901, 905-06 (Bankr. M.D. Fla. 2005).

71.    Likewise, a solvent debtor with few outside creditors could also contribute to a finding that the filing was made in bad faith. *In re Premier Automotive Services, Inc*., 492 F.3d 274 (4th Cir. 2007).

4919-2902-6660 v4

72.     Further, evidence that the debtor is not presently in dire straits, and evidence that a bankruptcy case was filed solely to invoke the automatic stay may also be bases for a finding of cause under the statute may support a finding of cause. *In re Shar*, 253 B.R. 621 (Bankr. D. N.J. 1999), *In re Detienne Associates Ltd. Partnership*, 342 B.R. 318 (Bankr. D. Mont. 2006).

73.     Moreover, evidence that a debtor filed a Chapter 11 petition as a litigation tactic to forestall a pending appeal or the need to post an appellate bond in pre-petition litigation before the non-bankruptcy court will also support a finding of cause. *In re Business Information Co., Inc.*, 81 B.R. 382 (B.R. W.D. Pa. 1988).

### The Chapter 11 Case Should be Dismissed for Cause

74.     The Chapter 11 Petition made by the Debtors is correctly characterized as the epitome of a bad faith filing that requires immediate dismissal.

75.     The timing of Debtors' Petition alone demonstrates that Debtors' sole goal is to delay the scheduled non-jury trials on damages in the Pending Actions.

76.     As the procedural history summarized herein demonstrates, this is not the first time that Debtors have used any means available to them to stall payment to the Hauser Parties, whether by improper procedural tactic (such as the discovery misconduct that resulted in the entry of sanctions in the form of Default Judgment and the <u>five</u> improvident interlocutory appeals resulting in over a year of delay to

4919-2902-6660 v4

the scheduling of hearings on damages) or even by fraud (resulting in the June 16, 2023 Order).

77.     As described herein, the Petition and its supporting financial statements and Schedules are rife with deliberate misrepresentations to and omissions from this Court. This alone should be sufficient for this Court to recognize the bad faith of Debtors' filing and to warrant dismissal. *See* 11 U.S.C. § 727(a)(4) ("(a)The court shall grant the debtor a discharge, unless . . . (4) the debtor knowingly and fraudulently, in or in connection with the case . . . (a) made a false oath or account; (b) presented or used a false claim.").

78.     Debtors' failure to disclose critical information regarding the Hauser Parties' claims and the Pending Actions was deliberate and with the clear goal of obstructing the Pending Actions from reaching a monetary judgment.

79.     Notably, Debtors' failed to disclose to this Court the critical fact that for the protection of the Hauser Parties' interest, <u>five of their Properties</u> are subject to the June 16, 2023 Order prohibiting their transfer or encumbrance absent Order from the Adams County Court of Common Pleas. *See* Exhibit "D".

80.     Moreover, Debtors' misrepresentations throughout their filings are entangled in the same issues that have already been argued and decided before the Trial Court in the Pending Actions, further demonstrating Debtors' bad faith in pursuing bankruptcy—not as a means to reorganize—but rather as a pursuit of yet

4919-2902-6660 v4

another forum to air their grievances about an already protracted litigation that they have entirely lost.

81. Accordingly, Debtors should not be permitted to use a bankruptcy as a weapon in the Pending Actions against the Hauser Parties.

## **CONCLUSION AND REQUESTED RELIEF**

82. Based on the foregoing, it is respectfully submitted that the Debtors' Chapter 11 case presently before the Court be dismissed for cause as not having been made in good faith and in recognition that any reorganization plan would fall short of full payment to the Hauser Parties in the total amount of judgments to be owed to them in the Pending Actions and accordingly would not pass the Best Interest of Creditors Test.

83. In the alternative, Debtors' bad faith described herein is sufficient cause to lift the automatic stay. *See* In re Project Orange Assocs., LLC, 432 B.R. 89, 115 (Bankr. S.D.N.Y. 2010); *see also* In re Merch., 256 B.R. 572, 578 (Bankr. W.D. Pa. 2000) ("Where a debtor seeks protection of the Bankruptcy Code, creditors may legitimately expect the debtor, at a minimum, to abide by provisions of the Code [and the Rules]. When debtors flout the code, they lose their protection from creditors and relief from the automatic stay will be granted."). Accordingly, the Hauser Parties would respectfully request that if this Honorable Court does not

4919-2902-6660 v4

dismiss the bankruptcy, that this Court lift the stay so that all Pending Actions may

proceed against the Debtors.

Respectfully submitted,

*OBERMAYER REBMANN*
*MAXWELL & HIPPEL, LLP*

Date: August 29, 2025

*/s/ Paige Macdonald-Matthes*
Paige Macdonald-Matthes, Esquire
Attorney ID No. 66266
200 Locust Street, Suite 400
Harrisburg, PA 17101
(717) 234-9730 Telephone
(717) 236-2485 Facsimile
PMM@obermayer.com
*Attorney for H&M Holdings LLC, Hauser*
*Family Farms LLC, Hannah Hauser,*
*Melinda Davis*

4919-2902-6660 v4

# CERTIFICATE OF NON-CONCURRENCE

Pursuant to the Middle District Bankruptcy Court local rules, I certify that I sought concurrence from Counsel for the Debtors on August 28, 2025. Counsel for the Debtors responded that he does not concur.

OBERMAYER REBMANN
MAXWELL & HIPPEL, LLP


*/s/ Paige Macdonald-Matthes*
Paige Macdonald-Matthes, Esquire
Attorney I.D. #66266
Jennifer Bruce, Esquire
Attorney I.D. #329351
200 Locust Street
Harrisburg, PA 17101
Telephone: (717) 221-1609
Facsimile: (717) 236-2485
*Attorneys for Plaintiffs*

4919-2902-6660 v4

## **CERTIFICATE OF SERVICE**

I hereby certify on this August 29, 2025, that a true and correct copy of the Hauser Parties' Motion to Dismiss has been served upon all parties of interest registered with the Bankruptcy Court Clerk to receive electronic notice via the CM/ECF system and in accordance with the attached service list.


*/s/Paige Macdonald-Matthes*
Paige Macdonald-Matthes, Esquire

4919-2902-6660 v4

Label Matrix for local noticing
0314-1
Case 1:25-bk-02214-HWV
Middle District of Pennsylvania
Harrisburg
Fri Aug 29 13:17:46 EDT 2025

American Express National Bank c/o Zwicker &
80 Minuteman Road
P.O. Box 9043
Andover, MA 01810-0943

H&M Holdings Group, LLC
210 Ridgewood Drive
Gettysburg, PA 17325-8510

Hauser Family Farms, LLC
30 W. Middle Street
Gettysburg, PA 17325-2101

Mette, Evans & Woodside
8500 Allentown Pike
STE 3
Blandon, PA 19510-9101

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

ALAN KIM PATRONO
JANE H. PATRONO
98 E BROADWAY
GETTYSBURG, PA 17325-1303

AMERICAN EXPRESS
P.O. BOX 96001
LOS ANGELES, CA 90096-8000

American Express National Bank
c/o Zwicker & Associates, P.C.
80 Minuteman Road, P.O. Box 9043
Andover, MA 01810-0943

American Express National Bank, AENB
c/o Zwicker and Associates, P.C.
Attorneys/Agents for Creditor
P.O. Box 9043
Andover, MA 01810-0943

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

BANK OF AMERICA
PO BOX 15019
WILMINGTON, DE 19850-5019

BARCLAYS
P O BOX 60517
CITY OF INDUSTRY, CA 91716-0517

CREDIT ONE BANK
P.O. BOX 60500
CITY OF INDUSTRY, CA 91716-0500

Capital One, N.A., successor by merger to Di
PO Box 3025
New Albany, OH 43054-3025

DISCOVER
P.O. BOX 6103
CAROL STREAM, IL 60197-6103

H&M HOLDINGS GROUP
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400
Harrisburg, PA 17101-1500

H&M Holdings, LLC
210 Ridgewood Drive
Gettysburg, PA 17325-8510

HANNAH M. HAUSER
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400
Harrisburg, PA 17101-1500

HAUSER FAMILY FARMS LLCC
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400
Harrisburg, PA 17101-1500

Hannah Hauser
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400
Harrisburg, PA 17101-1500

Hauser Family Farms, LLC
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400
Harrisburg, PA 17101-1500

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

LAWRENCE V. YOUNG
CGA LAW FIRM
135 NORTH GEORGE STREET
YORK, PA 17401-1132

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

M&T Bank
PO Box 1508
Buffalo NY 14240-1508

MELINDA H. DAVIS
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400
Harrisburg, PA 17101-1500

MEMBERS 1ST CREDIT UNION
5000 LOUISE DRIVE
MECHANICSBURG, PA 17055-4899

MEMBERS FIRST CREDIT CARD
PO BOX 2165
MIDLAND, MI 48641-2165

Melinda Davis
c/o Paige Macdonald-Matthes, Esquire
Jennifer Bruce, Esquire
200 Locust Street
Suite 400

```
Mette, Evans & Woodside                Mette, Evans & Woodside               PENNSYLVANIA DEPARTMENT OF REVENUE
c/o Joel A. Ready, Esquire             c/o Joel A. Ready, Esquire            BANKRUPTCY DIVISION
8500 Allentown Pike, STE 3             Cornerstone Law Firm, LLC             PO BOX 280946
Blandon, PA 19510-9101                 8500 Allentown Pike, STE 3            HARRISBURG, PA 17128-0946
                                       Blandon, PA 19510-9101

Paige Macdonald-Matthes, Esquire       SAM'S CLUB                           SECRETARY OF TREASURY
Jennifer Bruce, Esquire                P.O. BOX 71711                       15TH & PENN AVENUE NW
Obermayer Rebmann Maxwell & Hippel, LLP PHILADELPHIA, PA 19176-1711         WASHINGTON, DC 20220-0001
200 Locust Street, Suite 400
Harrisburg, PA 17101-1500

United States Trustee                  YORK ADAMS TAX BUREAU                Alan Kim Patrono
US Courthouse                          P O BOX  15627                       98 E Broadway
1501 N. 6th St                         YORK, PA 17405-0156                  Gettysburg, PA 17325-1303
Harrisburg, PA 17102-1104

Hannah Hauser                          Jane H. Patrono                      Lisa Ann Rynard
210 Ridgewood Drive                    98 E Broadway                        Law Office of Lisa A. Rynard
Fairfield, PA 17325 United States of Ame 17325-8510  Gettysburg, PA 17325-1303   (Trustee)
                                                                            240 Broad Street
                                                                            Montoursville, PA 17754-2282

Melinda Davis
48 Beechwood Drive
Fairfield, PA 17320-9205




         The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
         by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


American Honda Finance Corporation     M&T BANK
National Bankruptcy Center             P.O. BOX 62014
P.O. Box 168088                        BALTIMORE, MD 21264
Irving, TX 75016-8088




         The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Lawrence V. Young                   (d)Lawrence V. Young                 End of Label Matrix
CGA Law Firm                           CGA Law Firm                         Mailable recipients    42
135 North George Street                135 North George Street              Bypassed recipients     2
York, PA 17401-1132                    York, PA 17401-1132                  Total                  44
```