IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| ALAN KIM PATRONO | : | |
| and JANE HAUSER PATRONO, | : | |
| | : | CASE NO. 1:25-bk-02214 (HWV) |
| DEBTORS. | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE**
**TO CONFIRMATION OF THE DEBTORS' SUBCHAPTER V PLAN**

NOW COMES the United States Trustee ("UST"), through undersigned counsel, and respectfully objects to the confirmation of the above-captioned Debtors' Subchapter V Plan filed at Docket Entry Number ("Doc. No.") 73 in the instant case, and in support thereof, states as follows:

1. On August 8, 2025, Alan Kim Patrono ad Jane Hauser Patrono (the "Debtors") filed a voluntary petition (the "Petition") for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Doc. No. 1.

2. On August 11, 2025, Lisa Ann Rynard was appointed to serve as the Subchapter V trustee. Doc. No. 7.

3. On August 22, 2025, the Debtors filed Official Form 122B, "Chapter 11 Statement of Your Current Monthly Income," in which they aver under penalty of perjury that their net monthly income is $(772.84). Doc. No. 24. Official Form 122B further states the Debtors receive a combined social security income of $5,608. *Id.*

4. Upon information and belief, the Debtors filed this Subchapter V case to resolve extensive pre-petition litigation between the Debtors and H&M Holdings Group, LLC, Hannah Hauser, Melinda Davis and Hauser Family Farms ("Hauser Entities"), among other things.

5. On September 23, 2025, the Court lifted the Automatic Stay to permit the Hauser Entities to pursue final judgements in the state court action pending against the Debtors. Doc. No. 47.

6. On November 5, 2025, the Debtors filed Amended Schedule D that lists the secured claims of H&M Holdings (Claim Nos. 2.4-2.11, 2.13-2.28) as disputed. Doc. No. 71. The Debtors also scheduled the unsecured claims of H&M Holdings, Hannah M. Hauser, Hauser Family Farms LLC and Melinda Davis as disputed. *Id.*, Amended Schedule E/F.

7. On November 5, 2025, the Debtors filed their Subchapter V Plan of Reorganization (the "Plan"). Doc. No. 72.

8. The Court scheduled a Confirmation Hearing on the Plan for December 16, 2025. Doc. No. 73.

9. The UST has standing to object to the Plan pursuant to 11 U.S.C. § 307 and 28 U.S.C. §586.

10. Objections to Debtor's Plan are due by December 10, 2025. Doc. No. 73. Accordingly, this instant objection is timely.

11. The UST respectfully raises the following Objections to the Confirmation of the Plan:

<u>Treatment Issues:</u>

12. The Plan has internal inconsistencies and must be amended to avoid confusion.

a. The Plan should include outstanding amounts for each class to identify the amount due on the Effective Date and anticipated payments to each class on a regular basis.

b. After the Plan was filed, the Debtors' state court litigation involving the Hauser Entities were reduced to judgement. Upon information and belief, the state court rendered a final judgment in excess of $8 million against the Debtors. The Plan should be amended to include the judgement and describe the percentage return to general unsecured creditors and any alternative paths forward towards reorganization.

c. The Plan does not identify the length of time the Debtors will make Plan payments to creditors in Article 7. In the alternative, the Debtors should identify a timeline to sell the Debtors' properties.

13. The Plan is missing cashflow projections in contravention of § 1190(1)(C).

14. The Plan does not identify which of the Debtors' properties are to be liquidated, including their residence located at 98 East Broadway, Gettysburg, PA 17325 (the "Residence").

The Liquidation Analysis Is Incomplete

15. The Debtor Jane H. Patrono purportedly owns three undeveloped parcels of property: Parcel No. 07F09-0037D-000; Parcel No. 07F09-0037-000; and Parcel No. 07F09-0037E (the "Parcels"). Doc. No. 71, Amended Schedule A/B. The Debtors' Amended Schedule D indicates that H&M Holdings holds several lis pendens and judgments on the Parcels. The Debtors' Liquidation Analysis, that lists the debt on the Parcels as "unknown," is inconsistent with their Amended Schedule A/B. The Debtors should amend the Liquidation Analysis to identify all encumbrances on estate assets.

Plan Does Not Treat All Scheduled Secured Creditors

16. The Plan fails to classify and treat all scheduled secured claims. The Plan does not identify and treat the secured claim of Members 1st Credit Union and secured claim of PNC. *See* Doc. No. 71, Amended Schedule D.

Jurisdiction Issues:

17. Article 8.08 of Debtor's Plan addresses the Court's retention of jurisdiction post-confirmation. The Article should be amended to include language for the Court to adjudicate any motion filed by the United States Trustee's Office or a duly appointed trustee.

No Provision for Remedy in the Event of Default:

18. The Debtors do not provide any remedy in the event of default on the Plan. The Plan should provide remedies including a notice and cure period, and alternative relief if the Debtors do not timely cure any default, including conversion of the case to chapter 7. The Plan should not be confirmed until the appropriate remedies are disclosed in the Plan pursuant to § 1191(c)(3)(B).

WHEREFORE, for the reasons noted above, the United States. Trustee respectfully requests that this Court deny confirmation of the Subchapter V Plan, without prejudice, to the Debtors to file an Amended Plan of Reorganization.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 and 9

By: */s/ Rachel Wolf*
Trial Attorney
Office of the United States Trustee
1501 N. 6th Street, Box 302
Harrisburg, PA 17102
Tel.: (202) 834-3003
Email: Rachel.Wolf@usdoj.gov

Dated: December 10, 2025