IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Alan Kim Patrono, | : | Case No. 1:25-bk-02214-HWV |
| Jane H. Patrono, | : | |
| | : | |
| Debtors. | : | |
| | : | |
| | : | |

**MOTION OF THE HAUSER PARTIES FOR AN ORDER OF THE COURT COMPELLING THE DEBTORS TO AMEND THEIR BANKRUPTCY PETITION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1009(a)(2), OR IN THE ALTERNATIVE, TO REVOKE THE DEBTORS' SUBCHAPTER V <u>DESIGNATION SUA SPONTE</u>**

H&M Holdings Group, LLC ("H&M"), Hauser Family Farms, LLC ("HFF"), Hannah Hauser, and Melinda Davis (collectively referred to herein as the "Hauser Parties"), by and through their undersigned counsel, hereby file this Motion for the Entry of an Order of the Court (i) Compelling the Debtors to Amend Their Bankruptcy Petition Pursuant to Rule 1009(a)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to remove the designation that the Debtors are Small Business Debtors Under 11 U.S.C. § 101(51D); or (ii) in the Alternative, Revoking the Subchapter V Designation of Alan Kim Patrono ("K. Patrono") and Jane Patrono ("J. Patrono" and collectively with K. Patrono, the "Debtors") Sua Sponte; and (iii) for Related Relief (the "Motion"), and in support thereof, state as follows:

**I.      <u>JURISDICTION AND VENUE</u>**

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157.  The statutory predicates for the relief sought herein are Sections 101 and 1182 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Bankruptcy Rules 1009 and 1020,

and Rule 1009-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Local Rules").

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## II. BACKGROUND

### A. State Court Actions

4. The complicated procedural and factual background of the State Court Actions is set forth in further detail in the Hauser Parties' Motion to Dismiss and the Exhibits attached thereto at ECF 32, which, in the interest of brevity, are incorporated herein as if set forth fully.

5. The Hauser Parties initiated civil legal action against the Debtors in the following state court cases (collectively referred to as the "State Court Actions"):

   a. *H&M Holdings Group, LLC, Hauser Family Farms, LLC, Melinda H. Davis, and Hannah M. Hauser v. Alan Kim Patrono, Jane Hauser Patrono et al.* (Adams County Docket No. 2018-SU-1293)

   b. *H&M Holdings Group, LLC v. Alan Kim Patrono* (Cumberland County Docket No. 2019-12301, coordinated with Adams County No. 2018-SU-1293)

   c. *H&M Holdings Group, LLC v. Jane H. Patrono* (Cumberland County Docket No. 2019-12302, coordinated with Adams County No. 2018-SU-1293)

6. Confessions of judgment were entered on *H&M Holdings Group, LLC v. Alan Kim Patrono* (Cumberland County Docket No. 2019-12301, coordinated with Adams County No. 2018-SU-1293) and *H&M Holdings Group, LLC v. Jane H. Patrono* (Cumberland County Docket No. 2019-12302, coordinated with Adams County No. 2018-SU-1293) in the total amount of

$2,209,414.43 (the "Confessed Judgments"). Copies of the Confessed Judgments are attached hereto as Exhibit "A" and incorporated herein.

B. **The Debtors' Chapter 11 Filing**

7. On August 8, 2025 (the "Petition Date"), the Debtors filed a voluntary Chapter 11 Petition under Chapter 11 of the Bankruptcy Code and therein stated, under penalty of perjury, that they were "a small business debtor according to the definition in the Bankruptcy Code" and chose to proceed under Subchapter V (ECF 1).

8. On the Petition Date, the Debtors did not attach to the Petition or otherwise file their most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return as required under Section 1116(a)(1) of the Bankruptcy Code or a statement under penalty of perjury that none of the aforementioned documents exist pursuant to Section 1116(a)(2) of the Bankruptcy Code.

9. The Debtors filed their Statement of Financial Affairs and Schedules of Assets and Liabilities (together, the "Schedules") on August 22, 2025 (ECF 22).

10. The Debtors' schedules, also signed by the Debtors under penalty of perjury, stated that as of the Petition Date, their aggregate noncontingent liquidated secured and unsecured debts totaled:

    Secured Debt: $1,917,092.65

    Unsecured Debt: $1,682,538.16

    Total Debt: $3,599,630.81

(ECF 22).

11. On September 15, 2025, the First Meeting of Creditors (the "341 Meeting") was held. At that time, United States Trustee Trial Attorney Rachel Wolf ("Trustee Wolf") specifically identified misstatements and deficiencies in Debtors' Petition and Schedules including *inter alia*

3

4935-5710-5026 v5

Case 1:25-bk-02214-HWV    Doc 91    Filed 12/23/25    Entered 12/23/25 16:20:41    Desc
Main Document    Page 3 of 13

the Debtors' inaccurate scheduling of K. Patrono's former business interests which he sold in February 2022 (ECF 40); *see also* Exhibit "B", September 15, 2025, N.T. 22-23.

12. During the 341 Meeting, Trustee Wolf required that amended schedules be filed by September 29, 2025. *Id.* at 47.

13. The Debtors failed to file the amended schedules by the required date.

14. At the 341 Meeting, K. Patrono also testified that what led to the filing of the Chapter 11 petition was "what was happening is we kept getting motions filed in the cases, the other two cases. And the legal fees were beyond us at that point, so we filed for bankruptcy. And we had other creditors that we had to pay, so. **The long and short of it is that the obligations that we contest, if we don't have those, we don't have a problem. If we have those, we have a problem.**" *See* Exhibit "B" at N.T. 31, *ll* 21-25; 32 *ll* 1-7 (emphasis added).

15. When K. Patrono was further asked at the hearing what must be done for a successful Chapter 11 reorganization, he replied, "Two things. We need to be able to have a conclusion to the confession and other suit, and we need to be able to have access to the assets that we have. There is an injunction that is prohibiting us from utilizing our (inaudible) and many of our creditors." *See* Exhibit "B" at N.T. 34, 6-11

C. **Judgment Entered in the State Court Actions**

16. After the Hauser Parties obtained relief from the automatic stay to proceed with the State Court Actions, non-jury trials were held in the State Court Actions on October 23-24, 27-28, 2025.

17. At the conclusion of these proceedings, the Trial Court issued judgment in favor of the Hauser Parties and against all defendants, in an amount totaling $6,839,422.28 (the "Judgment").

4

18. K. Patrono's liability under the Judgment totals $6,801,350.18.

19. J. Patrono's liability under the Judgment totals $4,704,052.37.

**D. The Debtors' Amended Schedule and Plan of Reorganization**

20. Despite Trustee Wolf's requirement that amended schedules be filed by September 29, 2025, Debtors did not file amended schedules until November 5, 2025 (ECF 71) (the "Amended Schedules").

21. The Amended Schedules were not only untimely but also incorrectly listed the Debtors' secured debts – inexplicably listing H&M's debt multiple times, ballooning the secured debt to over $20 million.

22. While this amount is clearly incorrect, even without the duplicative H&M debts, the Amended Schedules, again filed under penalty of perjury, list the Debtors' aggregate noncontingent liquidated secured and unsecured debts on the Petition Date as totaling:

Secured Debt: $2,167.092.65

Unsecured Debt: $2,097,538.16

Total Debt: <u>$4,264,630.81</u>

23. Further, both the Schedules and the Amended Schedules incorrectly state the amount of the H&M debt. The Debtors identify the "total claim" of H&M to be $1,571,651.16, despite being well aware that the total claim of H&M as a result of the Confessed Judgments was $2,209,414.44 in 2019, and has only increased since then as a result of the accrual of interest and attorneys' fees. See Exhibit "A".

24. The Schedules and Amended Schedules also identify the incorrect docket numbers for the Confessed Judgments as the original Adams County Docket numbers at 2018-SU-813 and 2018-SU-814. As Debtors are well aware, the controlling Confessed Judgments were filed in

Cumberland County in 2019 under docket numbers 2019-12301 and 2019-12302 and were entered for $2,209,414.43. See Exhibit "A". These Cumberland County dockets were later coordinated with the Adams County Docket No. 2018-SU-1293 well before the Petition Date.

25. The H&M debt for the Confessed Judgments is liquidated, noncontingent, and readily ascertainable.

26. As such, the Debtors' total debt as of the Petition Date was at least **$4,902,394.09**.

27. On November 5, 2025, the Debtors and their Counsel filed their Plan of Reorganization (ECF 72) (hereinafter "Plan").

28. The Hauser Parties filed their Objection to the Plan (the "Objection") on December 10, 2025. (ECF 87).

29. In the Objection, the Hauser Parties argued that the Debtors were over the Subchapter V debt limit by virtue of the Judgment; however, <u>the Debtors have been well above the small business debtor and therefore, the Subchapter V debt limit, $3,024,725.00, since the Petition Date</u>.

30. The Hauser Parties now ask the Court, for the reasons stated herein, to enter an order compelling the Debtors to amend their bankruptcy petition to remove the designation as a small business debtor electing to proceed under Subchapter V of Chapter 11 or in the alternative to revoke the Debtors' Subchapter V election sua sponte and convert the Debtors' bankruptcy case to a conventional Chapter 11 proceeding.

### III. LEGAL ARGUMENT

#### A. The Debtors Were Above the Subchapter V Debt Limit as of the Petition Date

31. Section 1182 governs who may be a debtor under Subchapter V, stating, "The term 'debtor' means a small business debtor. 11 U.S.C. § 1182(1).

32. Section 101(51D)(A) of the Bankruptcy Code defines a small business debtor as "a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than **$3,024,725**..." 11 U.S.C. § 101 (51D)(A) (emphasis added).

33. The definition of small business debtors also **excludes** a person whose primary activity is the business of owning single asset real estate. *Id*.

34. A debtor bears the burden of proving its eligibility under Subchapter V. *In re RS Air, LLC*, 638 B.R. 403, 413 (9th Cir. BAP 2022); *In re Vill. Oaks Senior Care, LLC*, 664 B.R. 170, 179 (Bankr. E.D. Cal. 2024).

35. Here, as of the Petition Date, the Debtors were not eligible to elect treatment under Subchapter V.

36. By the Debtors' own admissions in the Schedules and the Amended Schedules, they are not and have not been eligible to be Subchapter V debtors since the Petition Date because they do not meet the definition of a small business debtor under the Bankruptcy Code. 11 U.S.C. § 101(51D(A)) and 11 U.S.C. § 1182(1).

37. Indeed, the Amended Schedules make it clear that the Debtors are, and have been since the date of the filing of the petition, well above the debt limit to qualify as a small business debtor and therefore not eligible to elect to proceed under Subchapter V, by nearly $2 million; and even then, the Schedules and Amended Schedules do not accurately account for all of the Debtors' liabilities as of the Petition Date.

38. The Schedules and Amended Schedules state that the H&M debt was only $1,571,651.16 on docket numbers 2018-SU-813 and 2018-SU-814. This is incorrect.

39. As of the Petition Date, the H&M debt totaled the liquidated, noncontingent, and readily ascertainable amount of $2,209,414.44 in 2019, on dockets numbers 2019-12301 and 2019-12302, and has only increased since then as a result of the accrual of interest and attorneys' fees. See Exhibit "A".

40. Even if the Court uses the artificially low numbers set forth in the Schedules and Amended Schedules, the Debtors still do not qualify to be small business debtors under Subchapter V, as they are more than $1 million over the debt limit.

41. Moreover, the Debtors intentionally scheduled the Hauser Parties' claims as either disputed or as "unknown" in an attempt to unlawfully keep their debts to a limit that allowed them to elect the Subchapter V.

42. However, this attempt fails as disputed debts are undoubtedly included in Subchapter V debt calculations. *In re Hall*, 650 B.R. 595, 599 (Bankr. M.D. Fla. 2023); *In re Burdock & Assocs., Inc.*, 662 B.R. 16, 20 (Bankr. M.D. Fla. 2024); *In re Heart Heating & Cooling, LLC*, No. BR 23-13019 TBM, 2024 WL 1228370, at *19 (Bankr. D. Colo. Mar. 21, 2024) (stating "even if the Debtor may have a valid affirmative defense to the collection of the debt… the amount of debt still goes toward the debt cap under Section 1182(1)(A)."); *In re Articon Hotel Servs. LLC*, No. 25 B 13601, 2025 WL 3522200, at *2 (Bankr. N.D. Ill. Dec. 8, 2025); *see, e.g., In re Corson*, No. 03-18160F, 2004 WL 5865045, at *4 (Bankr. E.D. Pa. June 25, 2004) (holding that disputed debts count toward the debt limit in Chapter 13 cases).

43. As the Hauser Parties' claims are only listed as "disputed," these amounts are included in the Subchapter V debt calculations; and, therefore, as of the Petition Date, the Debtors were already well above the debt limit established by Congress to make that election.

### B. The Court Should Compel the Debtors to Amend Their Petition to Remove the Designation as a Small Business Debtor Electing to Proceed Under Subchapter V of Chapter 11

44. Pursuant to Bankruptcy Rule 1009, "[o]n a party in interest's motion and after notice and a hearing, the court may order a voluntary petition, list, schedule or statement to be amended." Fed. R. Bankr. P. 1009(a)(2).

45. Debtors bear the burden of proving they are eligible to proceed under Subchapter V. *RS Air,* 638 at 413; *Vill. Oaks Senior Care,* 664 at 179.

46. Here, the Debtors cannot prove they are eligible to elect to proceed under Subchapter V.

47. The Hauser Parties, as creditors listed in the Schedules and having filed proofs of claim, are clearly parties in interest in the Debtors' bankruptcy case. 11 U.S.C. § 1109(b); *see also* <u>Morris v. Zimmer</u>, 623 B.R. 139, 148 (Bankr. W. D. Pa. 2020) (party in interest not defined anywhere in Chapter 7 of the Bankruptcy Code, however Section 1109 of the Bankruptcy Code states that a party in interest includes a creditor); *see e.g. Frontier Ins. Co. v. Westport Ins. Corp.*, 460 B.R. 407, 414 (Bankr. M. D. Pa. 2011) (defining party in interest in the context of a claim objection as anyone with a legally protected interest that could be affected by a bankruptcy case).

48. Here, cause exists to compel the Debtors to amend the petition to correct the clear and intentional misstatement in section 13 of the Petition that they are small business debtors pursuant to section 101(51D) of the Bankruptcy Code.

49. For the reasons clearly set forth above, the Debtors' "aggregate noncontingent liquidate secured and unsecured debts as of the date of the filing of the petition" were unequivocally well in excess of the ceiling imposed by Congress as of the Petition Date. See 11 U.S.C. § 101(51D)(A).

50. A small business debtor also does not include "any member of a group of affiliated debtors under [the Bankruptcy Code] that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $3,024,725 (excluding debt owed to 1 or more affiliates or insiders). 11 U.S.C. § 101(51D)(B).

51. Here, the Debtors owe their debts jointly and severally.

52. The Debtors are not eligible to be small business Debtors; therefore, they are not eligible to elect to proceed under Subchapter V of Chapter 11. 11 U.S.C. § 101(51D); 11 U.S.C. § 1182(1).

53. The Debtors knowingly and intentionally falsely designating themselves as small business debtors and electing to proceed under Subchapter V of Chapter 11 when they knew or should have known that they exceeded the debt limit to be a small business debtor is cause to compel the Debtors to amend their Plan to be accurate under the Bankruptcy Code. *See, In re National Small Business Alliances*, 642 B.R. 345, 347-349 (Bankr. D.D.C. 2022).

54. Therefore, under Bankruptcy Rule 1009(a)(2), and in accordance with the case law set forth in Section C below, it is respectfully submitted that this Court should enter an order compelling the Debtors to amend the Petition to remove the designation as a small business debtor.

### C. The Court Should Revoke the Debtors' Subchapter V Designation Sua Sponte

55. Under the Bankruptcy Code, a party in interest may object to a debtor's Subchapter V designation under Bankruptcy Rule 1020(b) "(a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after the amendment to the statement, whichever is later." Fed. R. Bankr. P. 1020(b); *In re Vill. Oaks Senior Care, LLC*, 664 B.R. 170, 175 (Bankr. E.D. Cal. 2024); *In re 2202 E. Anderson St., LLC*, No. 2:23-BK-11695-NB, 2024 WL 1340655, at *5 (Bankr. C.D. Cal. Mar. 28, 2024).

56. Courts may sua sponte revoke a debtor's Subchapter V designation under Sections 105(a) and 1112 of the Bankruptcy Code, even where it is not explicitly provided for in the Bankruptcy Code. *In re National Small Business Alliances*, 642 B.R. at 347-349; *In re CYMA Cleaning Contractors Inc.*, No. 22-01377 (ESL), 2023 WL 7117445, at *3-*4 (Bankr. D.P.R. Oct. 27, 2023).

57. This is true even where objections are untimely under Bankruptcy Rule 1020(a). *In re CYMA Cleaning Contractors Inc.*, No. 22-01377 (ESL), 2023 WL 7117445, at *3 (Bankr. D.P.R. Oct. 27, 2023) (Court sua sponte revoked debtor's Subchapter V designation even though no objections were timely made).

58. "In a situation where a Debtor has elected Subchapter V status but is either (a) not eligible or (b) cannot meet the deadlines and requirements thereof, allowing for the revocation of the Subchapter V designation so that the debtor may proceed under standard chapter 11 is consistent with the right conferred to a debtor in the Bankruptcy Code to convert a case to another chapter therein." *In re National Small Business Alliances*, 642 B.R. at 349; *see also*, 11 U.S.C. § 1112(a).

59. This includes situations in which a debtor exceeds the Subchapter V debt limit. *In re Macedon Consulting, Inc.*, 652 B.R. 480, 486 (Bankr. E.D. Va. 2023) (Court found debtor was ineligible to be a debtor under Subchapter V as aggregate noncontingent liquidated debts were beyond the limits for Subchapter V and revoked the Subchapter V designation as a result).

Case 1:25-bk-02214-HWV    Doc 91    Filed 12/23/25    Entered 12/23/25 16:20:41    Desc
Main Document    Page 11 of 13

60. Here, the Court should sua sponte revoke the Debtors' Subchapter V designation and force the Debtor to proceed under a standard Chapter 11 case, as the Debtors have been well above the debt limit, by over $2 million, since the Petition Date.[1]

61. The Hauser Parties' claims did not come into existence when the Judgment was entered – they existed on the Petition Date, but the Debtors made the conscious decision to attempt to grossly undervalue those claims to improperly take advantage of the substantial benefits of Subchapter V.

62. As discussed above, these attempts failed.

63. The debt limit under Section 101(51D)(A) of the Bankruptcy Code has to have some meaning, or Congress would let anyone elect to be a debtor under Subchapter V and take advantage of the relaxed path to confirmation of a Chapter 11 plan and a discharge.

64. This Court should not allow the Debtors to take advantage of their knowing misrepresentations to the Court and intentional undervaluing of the Hauser Parties' claims in order to take advantage of the relaxed nature of Subchapter V proceedings when their debt so vastly exceeds, and has exceeded since the Petition Date, the limit for them to qualify for the benefits under Subchapter V.

65. Because the Debtors do not meet the requirements of Subchapter V, and have not since the Petition Date, the Hauser Parties respectfully request that the Court sua sponte revoke the Debtors' Subchapter V designation and allow this case to proceed as a standard Chapter 11 case.

---

[1] As set forth above, pursuant to Bankruptcy Rule 1009(a)(2), this can be accomplished by order of the Court instructing the Debtors to file an amended Chapter 11 petition. Local Bankruptcy Rule 1009-1 sets out additional requirements for amending a petition.

WHEREFORE, the Hauser Parties hereby request that this Honorable Court compel the Debtors to amend their Petition to remove the small business debtor designation electing to proceed under Subchapter V of Chapter 11 or in the alternative, revoke the Debtors' Subchapter V designation sua sponte, allow their bankruptcy case to proceed as a standard Chapter 11 case, and grant such other relief as is just and equitable.

Respectfully submitted,

Dated: December 23, 2025

By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Paige Macdonald-Matthes, Esquire
Jennifer L. Bruce, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102
215-665-3066 – Telephone
215-665-3165 – Facsimile

*Counsel to H&M Holdings Group, LLC, Hauser Family Farms, LLC, Melinda H. Davis, and Hannah M. Hauser*

13