IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| Alan Kim Patrono and Jane H. Patrono | : | Chapter 11 |
| Debtors | : | |
| | : | Case No. 1:25-BK-02214-HWV |
| | : | |
| | : | |

**FIRST INTERIM APPLICATION FOR THE PAYMENT
OF COUNSEL FEES AND REIMBURSEMENT OF EXPENSES
TO CGA LAW FIRM AS A CHAPTER 11 ADMINISTRATIVE EXPENSE**

COMES NOW, this 11th day of February, 2026, the Debtors, Alan Kim Patrono and Jane H. Patrono, by and through their Counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion averring that:

1. Alan Kim Patrono and Jane H. Patrono (hereinafter "Debtors") filed a voluntary Chapter 11 petition on August 8, 2025.

2. CGA Law Firm and Lawrence V. Young, Esquire, were appointed as Counsel for Debtor on September 6, 2025 based upon an application filed on August 8, 2025. A true and correct copy of Appointment is attached hereto as Exhibit "A"

3. CGA Law Firm hereby makes this application for a First Interim Allowance of Compensation pursuant 11 U.S.C. §331 for the period of time beginning August 8, 2025, in the amount of $75,980.50, for 248.40 hours of legal services rendered by said counsel to the Debtor; and for reimbursement to said counsel for out-of-pocket expenses incurred during the same period of time in the amount of $119.17.

4. These services were rendered by:

| Name | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- |
| Brent C. Diefenderfer, Esquire | 2.0 | $375.00 | $750.00 |
| E. Haley Rohrbaugh, Esquire | 0.8 | $275.00 | $220.00 |
| James K. Jones, Esquire | 3.3 | $395.00 | $1,303.50 |
| Ruth Minello, Legal Assistant | 8.6 | $125.00 | $1,075.00 |
| Julie E. Hall, Paralegal | 1.9 | $140.00 | $266.00 |
| Pamela L. Seay | 4.0 | $120.00 | $480.00 |
| Lawrence V. Young, Esquire | 122.2 | $450.00 | $54,990.00 |
| Rebecca A. Shearer, Paralegal | 105.6 | $160.00 | $16,896.00 |
| Total | 248.40 | --- | $75,980.50 |

5. The compensation requested in this application is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11 of the United States Bankruptcy Code.

6. Debtor has received and had the opportunity to review a copy of this Application, and has not objected to the compensation sought herein.

7. To date, no prior Application for Approval of Counsel Fees and Expenses have been filed.

8. You applicant maintains records of the time and disbursements for which compensation is sought herein. These time and disbursement records were made concurrently with the performance of the services and the expenditure of the disbursements described herein, and were maintained by the firm and in the ordinary course of its business. Copies of the firm's records for professional services rendered as set forth in paragraph 3 of this application are annexed hereto as Exhibit "B" and incorporated by reference.

9. In addition, the firm has incurred out-of-pocket expenses during the period of time set forth in this application, and as set forth in the business records of the firm. Counsel for Debtor is currently holding $17,530.00 in escrow. It is proposed that the escrow balance be

applied toward the fees and expenses approved by this Honorable Court, allowing the balance of fees being owed by the Debtors.

10. A chronological listing of services performed and itemization for expenses for which reimbursement is requested for this time is attached as Exhibit "A" to this Application.

11. Your applicant has no entered into any agreement, expressed or implied, with any other party in interest, including the Debtor, Trustee, and creditor or representative thereof, or any attorney or accountant for any such party in interest, for the purpose of fixing the fees or other compensation to be paid for services rendered or expenses incurred in connection with this case.

12. No agreement or understanding exists between your applicant and any other person for the sharing of compensation to be received for services rendered in, or in connection with, this case.

13. All services for which compensation was requested were performed for, or on behalf of the Debtor, and not on behalf of any creditor or other person.

WHEREFORE, the Debtor in Possession respectfully requests this Honorable Court to enter the attached Order permitting the payment of Attorney fees and out-of-pocket expenses as requested after sending Note to all creditors and other parties in interest.

Respectfully submitted,

CGA Law Firm

*/s/ Lawrence V. Young*
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
717-848-4900
Counsel for Debtors