IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| ALAN KIM PATRONO | : | |
| JANE H. PATRONO | : | Case No. 1:25-bk-02214 HWV |
| DEBTORS | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION TO INCUR DEBT PURSUANT TO 11 U.S.C. § 364**

NOW COMES the United States Trustee ("**UST**"), through undersigned counsel, and respectfully files this objection to Debtors' Motion to Incur Debt Pursuant to 11 U.S.C. § 364 (the "**Motion to Incur Debt**"), and in support thereof, avers as follows:

**PRELIMINARY STATEMENT and JURISDICTION**

1. On August 8, 2025, Alan Kim Patrono and Jane H. Patrono (hereinafter the "**Debtors**") filed a Subchapter V Chapter 11 petition in this Court. Docket Entry Number[1] 1

2. On June 4, 2026, the Debtors filed the Motion to Incur Debt. Doc. No. 174.

3. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the Middle District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

4. Pursuant to 28 U.S.C. § 586, the UST is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d. Cir. 1994) (noting that 11 U.S.C. § 307 give the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

[1] Hereinafter "Doc. No."

5. The UST has standing to be heard on the Motion to Incur Debt, pursuant to 11 U.S.C. § 307.

## BACKGROUND

6. As noted above, on August 8, 2025, Debtors filed a chapter 11 petition in this Court. Doc. No. 1.

7. On September 30, 2025, the Debtors filed an Application to Employ Aaron Martin, Esquire as Special Counsel for the purpose of representing the Debtors in on-going state court litigation. Doc. No. 56. An Order granting the Application to Employ Attorney Martin as Special Counsel was entered by the Court on October 22, 2025. Doc. No. 68.

8. The Order granting the employment of Attorney Martin specifically provides, "[a]ll compensation and reimbursement of expenses to Special Counsel shall remain subject to Court approval in accordance with 11 U.S.C. §§ 330 and 331. Id., ¶ 5.

9. The Motion to Incur Debt sets forth that the Debtors are seeking to incur debt owed as reimbursement to Attorney Martin and his firm, Mette Evans Woodside, for the costs incurred to a third party for preparation of reproduced Common Pleas records needed to proceed with their appeal. Doc. No. 174, ¶ 5.

10. The UST has a fundamental objection to this motion as it seeks to circumvent the requirements imposed upon special counsel by this Honorable Court's Order of October 22, 2025. Specifically, the Motion to Incur Debt seeks to authorize the Debtors to pay special counsel from estate funds for the reproduction of the state court record outside the parameters of an Application for Compensation and Reimbursement of Expenses as contemplated by 11 U.S.C. § 331.

## RESERVATION OF RIGHTS/CONCLUSION

11. The UST reserves all rights and remedies to, among other things, complement, supplement, modify or renew this objection.

WHEREFORE, for the reasons stated above, the United States Trustee respectfully raises this objection to the Motion to Incur Debt.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE

Joseph P. Schalk
Acting Assistant United States Trustee

By: /s/ Joseph P. Schalk
Joseph P. Schalk, Esq.
Office of the United States Trustee
1501 N. 6th Street, Box 302
Harrisburg, PA 17102
Tel.: (717) 221-4515
Email: Joseph.Schalk@usdoj.gov

Dated: June 22, 2026