|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| **Alan Kim Patrono,** | : | **Case No. 1:25-bk-02214-HWV** |
| **Jane H. Patrono,** | : |  |
|  | : |  |
| **Debtors.** | : |  |
|  | : |  |

### JOINDER OF THE HAUSER PARTIES TO THE OBJECTION OF
### THE UNITED STATES TRUSTEE TO DEBTORS' MOTION TO INCUR DEBT
### PURSUANT TO 11 U.S.C. § 364

H&M Holdings Group, LLC ("H&M"), Hauser Family Farms, LLC ("HFF"), Hannah Hauser, and Melinda Davis (collectively referred to herein as the "Hauser Parties"), by and through their undersigned counsel, hereby file this Joinder (the "Joinder") to the Objection (the "Objection") of the United States Trustee (the "Trustee") to the Motion of Alan Kim Patrono ("K. Patrono") and Jane Patrono ("J. Patrono" and collectively with K. Patrono, the "Debtors") to Incur Debt Pursuant to 11 U.S.C. § 364 (the "Motion") (ECF 174). In support thereof, the Hauser Parties state as follows:

### JOINDER

1. By this Joinder, the Hauser Parties hereby incorporate and join all allegations and arguments not inconsistent with the Hauser Parties' prior positions included in the Objection herein for the limited purpose of opposing the Motion and request that the Court deny the relief requested in the Motion in its entirety.

2. On August 8, 2025 (the "Petition Date"), the Debtors filed a voluntary Chapter 11 Petition under Chapter 11 of the Bankruptcy Code and therein stated, under penalty of perjury, that

they were "a small business debtor according to the definition in the Bankruptcy Code" and chose to proceed under Subchapter V (ECF 1).

3. On June 4, 2026, the Debtors filed the Motion.

4. On June 22, 2026, the Trustee filed the Objection. (ECF 177).

5. The Hauser Parties now file the Joinder and hereby incorporate the Objection, including all factual and legal arguments and affirmative defenses, as if fully set forth herein.

6. The relief sought in the Motion is entirely inappropriate for the reasons stated in the Objection, and as it seeks to incur debt without detailing if they are seeking to borrow money, who they are attempting to borrow from, and/or any of the terms for the alleged borrowing.

7. It is wholly unclear what relief the Debtors actually seek through the Motion, and as such, it cannot be granted.

8. It must also be noted that Mette Evans & Woodside received no less than three (3) separate payments between August 8, 2025, and August 11, 2025, totaling $22,916.93. See Monthly Operating Report dated September 17, 2025, pp. 8-9. (ECF 41).

9. Said payments were either made within ninety (90) days of the Debtors' bankruptcy filing and/or without approval of this Court.

10. Therefore, the Hauser Parties believe and aver that said payments are either avoidable as preference payments under Section 547 of the Bankruptcy Code or as unauthorized post-petition payments under Section 549 of the Bankruptcy Code.

11. Once avoided, such monies could be applied to the reproduced record cost in question.

12. The Hauser Parties specifically reserve the right to make an argument at the hearing on the Motion.

2

WHEREFORE, the Hauser Parties respectfully request that this Court deny the Motion together with such other relief this Court deems necessary and appropriate.

Respectfully submitted,

Dated: June 26, 2026

By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Paige Macdonald-Matthes, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
215-665-3066 – Telephone
215-665-3165 – Facsimile

*Counsel to H&M Holdings Group, LLC, Hauser Family Farms, LLC, Melinda H. Davis, and Hannah M. Hauser*

3